## MANHATTAN LAND & FRUIT CO. et al.
### v. BURAS et al.
### No. 131.

District Court, E. D. Louisiana, New Orleans Division.

Feb. 12, 1942.

Spencer, Phelps, Dunbar & Marks and Esmond Phelps, all of New Orleans, La. for Manhattan Land & Fruit Co.

Tinsley Gilmer, of Lake Charles, La., for Humble Oil & Refining Co.

Alex F. Smith, of Shreveport, La., for Gulf Refining Co.

Cullen R. Liskow, of Lake Charles, La., for Tide Water Associated Oil Co.

John R. Perez, Porteous, Johnson & Humphrey, F. Carter Johnson, Jr., and Clay & Kohlman, all of New Orleans, La., for defendants.

William A. Porteous, Jr., of New Orleans, La., for defendant Lyle L. Buras.

362

**CAILLOUET, District Judge.**

This action was instituted by the Manhattan Land & Fruit Company, a corporation citizen of the state of New York, joined by the Humble Oil & Refining Company, a corporation citizen of the state of Texas, and by Gulf Refining Company and Tide Water Associated Oil Company, both corporation citizens of the state of Delaware, against La-Plaq Realty Inc., a corporation citizen of Louisiana, and the heirs of Cyprien Napoleon Buras and his widow, all citizens of said state; subsequently, one of the defendants (made so by substitution for a deceased original defendant) was satisfactorily shown to be a minor and otherwise unrepresented in this action, and for that reason, there was duly appointed by the Court as guardian ad litem, to protect said minor defendant's interests, an attorney of this Bar.

The first named plaintiff alleged itself to be the owner (subject to a certain mineral lease hereinafter mentioned) of "all ores, oil, gas and minerals of whatever name or nature in, on and under" certain lands in the complaint fully described as being situated in Township 21 South, Range 30 East, Southeastern Land District (Louisiana), Parish of Plaquemines; with the right to enter upon, use and possess said lands for the purpose of extracting and reducing to possession and ownership whatever minerals might be found on, in and under the same.

The said plaintiff, joined by its three co-plaintiffs, furthermore alleged an original title in said Manhattan Land & Fruit Company existent on July 17, 1905, derived by mesne conveyances back to the State of Louisiana in 1895 and 1894, all duly recorded in the conveyance records of said Parish of Plaquemines, La.

It was further alleged by the four plaintiffs that the said Manhattan Land & Fruit Company having so become the owner of said lands in 1905, it did sell and transfer the same in 1927 with the express exception and reservation, however, of all ores, gas, oil and minerals of whatsoever name or nature, together with the rights of ingress and egress and use and possession, etc., for the purpose of development and production of said reserved minerals property; and that the whole of said reserved property was made the subject of an oil, gas and mineral lease thereafter granted, in 1928, by said Manhattan Land & Fruit Company to one Hugh L. Harry, back to whom, by

and through sundry assignments detailed in the complaint, the three other plaintiffs acquired the rights which, jointly with said Manhattan Land & Fruit Company, they seek to protect from what they allege to be the unwarranted creation and maintenance, by the defendants, of a cloud upon the title to said minerals and mineral rights.

The plaintiffs particularly alleged that, as so constituting said cloud on title, the defendants did place of record in the conveyance records of the Parish of Plaquemines, Louisiana, a certain instrument dated August 10, 1937, whereby and whereunder all of the defendant Buras heirs did purport to convey to the defendant La-Plaq Realty, Inc., a one-half interest in and to all of the lands described in the complaint, including all mineral rights pertaining thereto, in consideration of said corporation's promised effort to establish the claims of defendants to said lands and mineral rights by the institution and prosecution of litigation directed to that end.

The plaintiffs' prayer is for recognition of their several claimed rights and that they be quieted in their respective titles and possession; that the adverse claims of the defendants be decreed to be a cloud upon plaintiffs' said titles, and that all of the said defendants, and any and all persons claiming under them, be forever and permanently enjoined and restrained from asserting any right, title, interest, claim or demand, adverse to or in conflict with said recognized rights of plaintiffs; and, finally, that all recordations now existing in the public records of the parish of Plaquemines, Lousiana, under which the defendants, or any persons claiming under them, assert or claim any such adverse or conflicting interest, be ordered forthwith cancelled and erased, insofar as the same affect the rights of plaintiffs asserted in this action.

The defendants set up title to a larger area of land, in said Township 21 South, Range 30 East, and in an adjoining township, alleging that there were contained in said area the particular lands described in plaintiffs' complaint, and out of which the minerals property claimed by the plaintiffs was originally excepted and reserved by the Manhattan Land & Fruit Company, as aforesaid.

That asserted title was no more nor less than one of thirty years' prescription acquirendi causa, under the provisions of

the Louisiana Revised Civil Code (Arts. 3499–3503).

The said asserted prescriptive title was based upon the allegation that there was done by Cyprien Napoleon Buras all such acts as are required by law for the making out of the 30 years' prescription (during a period of 28 years, beginning with the year 1860 and ending at his death in 1888), coupled with the continued doing, thereafter, of such acts by his widow and heirs; as well as upon the fact that in 1898, said widow and heirs were recognized as such, by an ex parte judgment of the state court exercising jurisdiction in and for the parish of Plaquemines, La., as appears by reference to the record of the decedent's succession.

■ During the whole of said Cyprien Napoleon Buras' alleged occupancy and possession of said larger area, upon which is predicated, in the main, defendant's claimed title by the 30 years prescription acquirendi causa, the legal title to the whole of said area as lay in Township 21 South, Range 30 East, was vested, however, in the State of Louisiana as sovereign, and was, therefore, imprescriptible.

" * * * No one can acquire title from the state by prescription. *It is a condition precedent to the acquisition of title by prescription acquirendi causa that the property should have been severed from the public domain, and transferred to that of private property, at the date such prescription commenced to run.* * * *" (Emphasizing supplied.) State v. Buck et al., 1893, 46 La.Ann. 656, 15 So. 531, 533.

It is an undisputed fact that this cited case, which was so decided in 1893, has direct reference to the very lands (amongst others) which are described in the complaint herein, and from which was excepted and reserved the minerals property alleged to be beclouded by defendants' setting up of the alleged title by 30 years' prescription acquirendi causa.

■ The legal title to the particular lands under discussion in this action remained in the State until dates subsequent to said Louisiana Supreme Court's decision, or that is to say, until 1894 and 1895, respectively, so that none of the alleged period of occupancy and possession by Cyprien Napoleon Buras from 1860 until his death in 1888, nor any alleged continued occupancy and possession by his widow and heirs prior to the acquisition of the lands from the State by the Manhattan Land & Fruit Company's ancestor in title, can avail the defendants in their attempted proof, as plaintiffs in petitory action, of their claimed 30 years prescriptive title, against the admittedly perfect record title out of the State under which plaintiffs are in possession.

The defendants make no contention that their said claimed 30 years' prescriptive title had its incipiency subsequent to the time that the lands described in plaintiffs' complaint were severed from the public domain and transferred to that of private property.

The following are the Court's findings of fact and conclusions of law, to-wit:

### Findings of Fact.

1. The property involved in this action is within the territorial limits of the Court's jurisdiction; the said property's value exceeds $3,000.00, exclusive of interest and costs; and none of the four plaintiffs is a citizen of Louisiana nor is a citizen of the same state as any of the defendants.

2. All of the surviving heirs of Mr. and Mrs. Cyprien Napoleon Buras were made parties defendant at the commencement of the action; one of them, however, i. e. Joseph H. Buras, resident of Plaquemines Parish, La., subsequently died and, thereupon, his widow and heirs, all of legal age except his son Lyle L. Buras, were substituted as parties defendant in the decedent's place and stead, on motion of plaintiffs, which also jointly moved for the appointment of a guardian ad litem to protect the interests of said named minor defendant; and attorney William A. Porteous, Jr., was so appointed by the Court and did discharge all duties encumbent upon him as such guardian ad litem of said Lyle L. Buras, rendering services, the value of which the plaintiffs concede to be five hundred ($500.00) dollars.

3. The ownership of the minerals and mineral rights in approximately eight hundred acres of land situated in Plaquemines Parish, Louisiana, in Township 21 South, Range 30 East, Southeastern Land District (Louisiana), West of the Mississippi River, is the subject-matter of the controversy forming the basis of this action; such acreage forms part of a much larger body of land, which, lying between two streams known as Spanish Pass and Red Pass, extends from the said streams' common source down to the Gulf of Mexico,

and is variously referred to as Spanish Island, Parmalee Island, Manhattan Island, and, sometimes (but almost exclusively by the defendents) as Prien Island.

4. The State of Louisiana issued patents to Henry J. Leovy, covering the particular acreage, to which refer the reserved minerals and mineral rights property now in suit, as early as May 14, 1894, and title thereafter passed out of said patentee by mesne conveyances to the plaintiff Manhattan Land & Fruit Company, which, by act dated December 21, 1927, conveyed the land to Samuel George, excepting and reserving therefrom, however, all ores, gas, oil and minerals of whatsoever name and nature, together with rights of ingress and egress to and from said land, and the right to use and possess the same to the extent necessary for extracting and reducing to possession all of such reserved minerals.

5. On May 28, 1928, said Manhattan Land & Fruit Company, as such owner of said reserved minerals and mineral rights property, granted a mineral lease with respect to the same to Hugh L. Harry, which lease was subsequently amended, extended and ratified by it, as lessor, and plaintiffs Humble Oil & Refining Company, Gulf Refining Company and Tide Water Associated Company, as owners by assignment of this valid and existing mineral lease and operating thereunder, did begin to extract oil in paying quantities, from the land described in the complaint and hereinabove specially referred to, within ten years from and after December 21, 1927, and since the middle of the year 1937 have continuously extracted oil therefrom in large and paying quantities.

6. By act dated August 10, 1937, the heirs of Cyprien Napoleon Buras, deceased, purported to convey to La-Plaq Realty, Inc., a Louisiana corporation, an undivided one-half (½) interest in and to all the land lying between Spanish Pass and Red Pass, which instrument is of record in C.O.B. 85, folio 51, of the records of the Parish of Plaquemines, Louisiana.

7. By act dated July 2, 1896, Creole Land & Fruit Company, a New York corporation, acquired from Robert S. Leovy the lands described in the complaint herein, as component part of a larger tract then and there purchased, and immediately took actual physical possession of a portion of said tract which was contiguous to the lands so described in plaintiffs' complaint, by cultivating a substantial area of said portion; and said corporation and its successors in title, including the plaintiff Manhattan Land & Fruit Company, did exercise dominion over the entirety of the said larger tract so acquired on July 2, 1896, by maintaining actual physical, open, notorious, exclusive, and continuous possession, as owner, of a portion of said tract, with title to the whole, from the date of purchase aforesaid until some time beyond the year 1910; and thereafter, Manhattan Land & Fruit Company and its lessees have at all times, exercised exclusive physical or civil possession of the tract so formerly acquired by Creole Land & Fruit Company on July 2, 1896, or of the reserved minerals and mineral rights property of Manhattan Land & Fruit Company, which the other three plaintiffs held under mineral lease from their said co-plaintiff.

8. Whilst Cyprien Napoleon Buras, ancestor of defendants, lived on land situated between Spanish Pass and Red Pass, with his family, until his death in 1888, and his widow and some of his children continued to there reside, neither Cyprien Napoleon Buras, nor his widow and heirs, ever had actual physical possession of the particular lands described in plaintiffs' complaint, nor of any of the lands described in the deeds under which Creole Land & Fruit Company, and its successors in title, acquired. The houses in which said named residents so lived on Spanish Island were located on the bank of, and facing, Spanish Pass, but were on none of the lands just referred to, and none of the houses thus occupied by said residents were in use by them beyond 1910, the widow and heirs having all moved away entirely from said residence premises and from Spanish Island before the close of that year.

9. The defendants or some of them have had, from time to time, or from the time that they ceased any longer to reside on Spanish Island, as aforesaid, their certain cattle roaming and pasturing on Spanish Island, but other persons made similar use of said Island for their own cattle, and plaintiff Manhattan Land & Fruit Company did, on several occasions, lease the lands by it owned within the Spanish Island area, including the particular tracts described in the complaint herein, for pasturage and other purposes; two of said leases having been granted to, or for the benefit of, John C. Buras, husband of one

of the defendants herein, i. e. Mrs. Marie Rosanna Buras.

10. No one, at any time, ever purported to convey the lands described in the complaint, or any part thereof, to defendants or their ancestors; and defendants' claim of title, which they set up in their assumed character of plaintiffs in a petitory action, is solely one of 30 years' prescription acquirendi causa, based upon their allegations of possession for more than thirty years as owners, of the whole Spanish Island area by their deceased ancestor Cyprien Napoleon Buras, and his widow and heirs, dating back to 1860, although the title to the lands described in plaintiffs' complaint at least,—if not the title to the whole of the Spanish Island area,—did not leave the State of Louisiana any earlier than the year 1894.

11. None of the defendants made any protest against the mineral development, under the mineral lease held from Manhattan Land & Fruit Company by its three co-plaintiffs, of the lands described in plaintiffs' complaint, nor did defendants take any steps looking towards the definite assertion of their said claimed prescriptive title thereto of 30 years acquirendi causa, until after the discovery of oil as the result of said development efforts.

12. Neither the defendants, nor they and their ancestors, have had actual possession, in the asserted character of owners, of either the whole Spanish Island area or of any of the lands described in plaintiffs' complaint, continuously, uninterruptedly, publicly and unequivocally for as long as thirty years after 1894 and 1895, if *such* defendants ever had.

13. The plaintiffs alleged and proved record title in themselves, emanating from the sovereign.

### Conclusions of Law.

1. Inasmuch as the property involved lies within the Eastern District of Louisiana, far exceeds $3,000.00 in value, exclusive of interest and costs, and diversity of citizenship between plaintiffs and defendants exists, the court has jurisdiction of this controversy.

2. Exercising a reserved right to extract minerals preserves the right against loss by the prescription liberandi causa applicable to minerals; the mineral rights which were excepted and reserved by the Manhattan Land & Fruit Company in its sale and transfer of December 21st, 1927 to Samuel George, of certain lands to which referred such mineral rights, are in full force, virtue and effect at this present date.

3. When, in an action to remove a claimed cloud from title, the defendant sets up title in himself, he assumes the burden of establishing said title.

4. Unless and until there be first proved actual continuous, uninterrupted, public and unequivocal possession as owner for thirty years, of the particular and definite real property to which is laid claim of prescriptive title of 30 years acquirendi causa, the ownership of said property may not be so acquired. Arts. 3500–3503, La. Rev.Civ.Code.

5. Such prescription of thirty years acquirendi causa does not run in favor of the possessor of land, until and unless title thereto is no longer vested in the state of Louisiana, as sovereign.

6. Inasmuch as plaintiffs established valid record title in themselves and defendants failed to prove their claimed adverse prescriptive title of thirty years acquirendi causa, the instrument placed of record by said defendants (as alleged in the complaint) in the Parish of Plaquemines, Louisiana, beclouds the plaintiffs' title, and the entire relief prayed for by the plaintiffs should be accorded by the judgment which shall be rendered herein.

7. The compensation due the guardian ad litem, by the Court appointed, on suggestion of the plaintiffs, to protect the interests of the otherwise unrepresented minor defendant, Lyle L. Buras, should be fixed at the concededly fair and reasonable sum of five hundred ($500.00) dollars, and should be paid by said plaintiffs.

Judgment, in accordance with the foregoing findings of fact and conclusions of law, is now signed for filing with these presents.